# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| ANEW VENTURES II, LLC, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 2025-0774 MAA |
| | ) |
| | ) |
| | ) |
| TERRA GLOBAL INVESTMENT | ) |
| MANAGEMENT, LLC, and TERRA | ) |
| BELLA NBS CARBON POOL, LLC, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

Date Submitted: July 11, 2025
Date Decided: July 11, 2025[1]

Before the Court is Plaintiff Anew's Motion for a Temporary Restraining Order. The Court and the parties are familiar with the relevant factual background. Briefly, in 2022 Anew and non-party Terra Global Capital executed the SPA,

---

[1] This decision implements the oral ruling made on the recording during the hearing on Plaintiff's Motion for a Temporary Restraining Order on July 11, 2025. Judge Adams is sitting as a Vice Chancellor of the Court of Chancery of the State of Delaware by designation of the Chief Justice of the Supreme Court of Delaware pursuant to *In re: DESIGNATION OF THE HONORABLE Meghan A. Adams* under Del. Const. art. IV § 13(2) dated July 9, 2025.

pursuant to which Anew became involved in various aspects of Terra's business.[2] The Terra Defendants are subsidiaries of Terra Global Capital.[3] Contemporaneous with the SPA's execution, Anew entered into several "Transaction Documents" including the AMA to which the Terra Defendants are also parties.[4] Pursuant to the AMA, Anew invested in a pooled fund, which sought to generate carbon credits for participants.[5] After three years, the pool had not produced any carbon credits for investors and Anew terminated the AMA.[6] The termination prompted a dispute that ultimately led to Anew filing a suit for breach of contract and declaratory relief in the Complex Commercial Litigation Division of the Superior Court of Delaware.[7]

The Terra Defendants moved to dismiss the Superior Court complaint, arguing Anew's claims were subject to arbitration pursuant to Section 20(a) of the AMA.[8] Anew disputes this, insisting its claims are properly before the Superior Court based on Sections 7.10(b) and 7.06 of the SPA.[9] While briefing on the motion to dismiss was ongoing, the Terra Defendants initiated an emergency arbitration before the ICC during the evening of July 3, 2025.[10] Anew seeks a TRO to enjoin the Terra

---

[2] *See* Complaint (hereafter "Compl."), Ex. 1 (hereafter "Superior Court Compl."), Ex 1. (hereafter "SPA") (D.I. 1).
[3] *See* Compl. ¶ 12.
[4] *See id.* ¶¶ 3, 13-14; Compl., Ex. 2, Exs. 1-2.
[5] *See* Compl., Ex. 2, Exs. 1-2; *id.* ¶¶ 3-4, 13-14.
[6] *See id.* ¶ 4; *see generally* Superior Court Compl.
[7] *See generally* Superior Court Compl.
[8] *See* Compl., Ex. 2.
[9] *Id.*
[10] *See* Compl. ¶¶ 8, 25; Compl., Ex. 4 (hereafter "Emergency Arbitration Application").

Defendants from participating in the arbitration, to allow the Superior Court to resolve the substantive arbitrability of the parties' underlying dispute.[11]

Under well-settled Delaware law, the party seeking a TRO must show: "(i) the existence of a colorable claim, (ii) the irreparable harm that will be suffered if relief is not granted, and (iii) a balancing of hardships favoring the moving party."[12] Because TROs have a limited duration, courts conduct a "less-exacting review of the merits [o]n a TRO" motion, than for "actions involving preliminary injunctive relief."[13] "[T]he presence of imminent, irreparable harm" is the primary factor governing the Court's analysis, and a necessary element for granting a TRO.[14] Indeed, if imminent irreparable harm exists, a TRO is ordinarily proper "unless: (1) the claim is frivolous; (2) granting the remedy would cause greater harm than denying it; or (3) the plaintiff has contributed in some way to the emergency nature of the need for relief."[15]

Anew has carried its burden concerning this essential element. Courts have consistently held "the procession of an unwarranted arbitration poses the threat of

---

[11] *See generally* Plaintiff's Combined Opening Brief in Support of its Motions for Expedited Proceedings and Emergency Temporary Restraining Order (hereafter "TRO Br.") (D.I. 1).

[12] *CBOT Hldgs., Inc. v. Chi. Bd. Options Exch., Inc.,* 2007 WL 2296356, at *3 (Del. Ch. Aug. 3, 2007).

[13] *Arkema Inc. v. Dow Chemical Co.*, 2010 WL 2334386, at *3 & n.26 (Del. Ch. May 25, 2010).

[14] *Wagner v. BRP Group, Inc.*, 316 A.3d 826, 857 (Del. Ch. 2024).

[15] *Sherwood v. Ngon*, 2011 WL 6355209, at *6 (Del. Ch. Dec. 20, 2011) (internal quotes omitted).

irreparable injury to the party [] resisting arbitration."[16]  The Terra Defendants attempt to differentiate that caselaw, noting the emergency arbitration's interlocutory nature.[17]  Yet, that the emergency arbitrator's decision is subject to review does not overcome this Court's repeated recognition that being compelled to arbitrate absent an agreement to do so is an irreparable injury.  Accordingly, the most important factor indicates a TRO is warranted.

Balancing the equities leads to a similar conclusion.  Again, this Court's precedent has squarely addressed the parties' dispute.  In *Angus v. Ajio, LLC*, Vice Chancellor Glasscock held, "to force [a party] to arbitrate absent a contractual obligation to do so involves a quantum of irreparable harm that outweighs the risks of improvidently granting a preliminary injunction."[18]  Similarly, in *Argyle Solutions, Inc. v. Professional Systems Corp.*, Vice Chancellor Noble stated, even if the Terra Defendants are, "in fact, entitled to arbitrated this dispute…then a delay, especially in light of the tardiness with which it has brought forth its claims, would seem to be minimal."[19]

---

[16] *Parfi Holding AB v. Mirror Image Internet, Inc.*, 842 A.2d 1245, 1259 (Del. Ch. 2004) (citing *Bd. of Educ. v. Sussex Tech Educ. Ass'n,* 1998 WL 157373, at *5 (Del.Ch. Mar. 18, 1998)); *see Brown v. T-Ink, LLC*, 2007 WL 4302594, at *16 (Del. Ch. Dec. 4, 2007) ("Delaware courts have consistently found that threatened, wrongful enforcement of an arbitration clause constitutes sufficient irreparable harm to justify an injunction.").
[17] *See* Defendants' Opposition to Plaintiff's Motion for Emergency Temporary Restraining Order (hereafter "TRO Opp'n") at 17-20 (D.I. 9).
[18] 2016 WL 2894246, at *1 (Del. Ch. May 13, 2016),
[19] 2009 WL 1204351, at *4 (Del. Ch. May. 4, 2009).

The Terra Defendants argue their ongoing COCOMACIA project and anticipated Kulera ARR project will suffer immediate harm absent Anew's capital infusion.[20] The Court is dubious that the Terra Defendants' harm is truly "imminent," thereby justifying emergency relief – especially with regards to the nascent Kulera ARR project.[21] Additionally, the Terra Defendants do not explain why monetary damages would be insufficient to remedy any harm that actually occurs while the parties dispute is litigated through the proper channel. Accordingly, the balance of equities favors granting the TRO.

Finally, a colorable claim exists so long as the complaint states "a non-frivolous cause of action."[22] The Court need not "determine the merits of the case or even the sufficiency of the pleadings" to find a claim is colorable.[23] Anew has cleared that low threshold – stating a colorable claim that the parties' dispute is not subject to arbitration. Questions regarding relevant undefined terms in the SPA, whether the forum selection clause binds the Terra Defendants as non-signatories, and who should determine substantive arbitrability, show Anew's argument is not

---

[20] *Id.* at 20-23.

[21] *See Lechliter v. Del. Dep't of Nat. Res. & Env't Control*, 2013 WL 5718888, at *3 (Del. Ch. Oct. 22, 2013) ("[h]arm is not irreparable if it is easily avoided, nor is it imminent where, like the danger [] allege[d] . . . it is months from arising."); *Alpha Builders, Inc. v. Sullivan*, 2004 WL 5383570, at *5 (Del. Ch. Nov. 5, 2004) ("[m]ere apprehension of uncertain damage or insufficient remedy will not support a finding of irreparable harm.").

[22] *Reserves Development Corp. v. Wilmington Trust Co.*, 2008 WL 4951057, at *2 (Del. Ch. Nov. 7, 2008).

[23] *Rohm and Haas Co. v. Dow Chemical Co.*, 2009 WL 445612, at *2 (Del. Ch. Feb. 6, 2009).

frivolous.[24] As their opposition brief evidences, the Terra Defendants certainly have compelling arguments on each of those issues.[25] Yet, the Court's role here is not to adjudicate the merits of the Terra Defendants' motion to dismiss, but to determine whether to maintain the status quo while that issue is litigated in Superior Court. Because Anew has met the three TRO elements, the answer is yes. Therefore, the Court **GRANTS** Anew's motion and enters a TRO enjoining the Terra Defendants from arbitrating while the Superior Court adjudicates the motion to dismiss.

When issuing a TRO, Court of Chancery Rule 65(c) requires the Court to impose a bond "in such sum as the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." None of the parties addressed the bond issue, and, therefore, a nominal bond of $5,000 is appropriate.

The Court is setting a hearing date of August 20, 2025 at 10:00 a.m. for a combined hearing on Anew's forthcoming Motion for a Preliminary Injunction in this action and the Terra Defendants' Motion to Dismiss in the Superior Court action.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

---

[24] *See* TRO Br. at 22-36.
[25] *See* TRO Opp'n at 7-15.

6